885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angelo JACKSON, Defendant-Appellant.
 No. 88-5144.
 United States Court of Appeals, Fourth Circuit.
 Argued April 14, 1989.
Decided Sept. 6, 1989.
 
 James Allen Matish for appellant.
 David Earl Godwin (William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney on brief) for appellee.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant-appellant herein, Angelo Jackson, pled guilty to violations of 21 U.S.C. Secs. 841(a)(1) and 845a(a) and was sentenced to seventy months' imprisonment pursuant to the Sentencing Commission Guidelines. For the reasons discussed below, we affirm the judgment of the district court.
 
 I.
 
 2
 On six separate occasions between March 9, 1988 and April 9, 1988, appellant Angelo Jackson sold crack or cocaine base to undercover law enforcement officers in the City of Charles Town, West Virginia. On April 9, 1988, the appellant was arrested while making a sale to two undercover officers. During the arrest, the appellant attempted to escape. A struggle ensued, and the appellant grabbed a gun from one officer and shot the other officer in the foot.
 
 
 3
 On April 14, 1988, a grand jury returned a six-count indictment against the appellant that charged him with cocaine or crack distribution in violation of 21 U.S.C. Sec. 841(a)(1). Five of the six counts of the indictment charged that appellant's cocaine or crack distribution was within 1,000 feet of a school, in violation of 21 U.S.C. Sec. 845a(a).
 
 
 4
 On June 22, 1988 the appellant executed a plea agreement wherein he agreed to plead guilty to Count Six of the indictment, which charged him with violations of 21 U.S.C. Secs. 841(a)(1) and 845a(a). Pursuant to 18 U.S.C. Sec. 3552, a presentence report was prepared by the Probation Office and later partially revised due to appellant's objections.[1]
 
 
 5
 In August 1988, the district court, pursuant to the Sentencing Commission Guidelines, sentenced Jackson to seventy months in prison. Jackson appeals, arguing that the district court abused its discretion in applying the Sentencing Commission Guidelines to his case.[2]
 
 II.
 
 6
 The appellant pled guilty to one count of a six count indictment. On appeal, he argues that the Government breached the plea agreement by providing to the Probation Office information regarding the other five counts, and that the district court abused its discretion by using that information in its calculation of appellant's sentence under the Guidelines. These arguments are without merit.
 
 
 7
 The Sentencing Guidelines explain, as a general principle of application, that when determining an appropriate sentence for a drug offender, conduct may be grouped to include "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Guidelines, Section 1B1.3(a)(2). The commentary to this Section explains that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." Commentary, p. 1.19 (Emphasis added). Clearly, other counts of the indictment may be taken into consideration as relevant conduct despite the fact that those violations were dismissed pursuant to the plea agreement. Moreover, other courts have held that pursuant to the Sentencing Commission Guidelines, consideration of other offenses has been held not to be a breach of the plea agreement. United States v. Guerrero, 863 F.2d 245, 250 (2d Cir.1988); United States v. Ruelas-Armenta, 684 F.Supp. 1048, 1050-51 (C.D.Cal.1988); United States v. Silverman, 692 F.Supp. 788, 792-93 (S.D.Ohio 1988). We therefore hold that the Government did not breach the plea agreement with Jackson. We also hold that the district court did not abuse its discretion in applying the Sentencing Guidelines to his case.
 
 
 8
 We have considered the other issues raised by Jackson in this appeal, and we have found them to be without merit.
 
 III.
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The report submitted to the court stated:
 Offense Level:
 
 
 [24]
 (4.-4.9 grams cocaine base) (Sentencing Guidelines Section 3D1.1)
 Adjustments:
 
 
 [3]
 level increase for official victim (Sentencing Guidelines Section 3A1.2)
 
 
 [2]
 level increase for obstruction (Sentencing Guidelines Section 3C1.1)
 
 
 [2]
 level reduction for acceptance of responsibility (Sentencing Guidelines Section 3E1.1)
 Adjusted Offense Level: 27
 Criminal History Category: I
 Sentencing Range: 70-87 months
 
 
 [2]
 In his brief to this court, Jackson also argued that the Sentencing Commission Guidelines were unconstitutional. As we know, this argument is meritless. See Mistretta v. United States, 109 S.Ct. 647 (1989)